## Ellen O'Rourke, Appellee, v. City of Minonk, Appellant.

### Gen. No. 6,450. (Not to be reported in full.)

Appeal from the Circuit Court of Woodford county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 16, 1917. Rehearing denied November 22, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Ellen O'Rourke, plaintiff, against City of Minonk, defendant, to recover damages for personal injuries sustained by plaintiff falling on a sidewalk in the defendant city, fracturing her hip, wrist and one rib. From a judgment for plaintiff for $4,000, defendant appeals.

ERNEST J. HENDERSON, THOMAS KENNEDY and MC-DOUGALL & CHAPMAN, for appellant.

EDWARD F. RIELY and BARNES, MAGOON & BLACK, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sustains finding as to depression in sidewalk and locality of accident.* Evidence *held* sufficient to warrant a finding that a depression in defendant's sidewalk where plaintiff claimed to have been injured was from 3 to 5 inches deep and that she was injured there and not several feet away, in an action against a city to recover damages for personal injuries.

2. MUNICIPAL CORPORATIONS, § 1111*—*when instruction in action against city referring to notice of injuries is not reversibly erroneous.* An instruction requiring the jury to find all controverted

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

O'Rourke v. City of Minonk, 208 Ill. App. 522.

facts essential to a 'verdict before referring to a certain exhibit consisting of a notice given defendant city, stating plaintiff's residence, fact of certain injuries sustained by her by reason of a defect in defendant's sidewalk at a certain time and place, the name of the doctor attending her, and his office location and address, *held* not prejudicial by reason of such reference to the exhibit or by reason of also requiring plaintiff to prove the facts stated in such exhibit, in an action against a city to recover damages for such injuries.

3. MUNICIPAL CORPORATIONS, § 1111*—*when instruction on contributory negligence is not prejudicially erroneous.* In an action against a city to recover for personal injuries sustained by falling on a defective sidewalk, an instruction that plaintiff was entitled to damages on proving that she was in the exercise of due care at the time of and just prior to the time she received the injuries, *held* not prejudicially erroneous.

4. APPEAL AND ERROR, § 1096*—*what are improper statements in brief and argument.* Statements in brief and argument of facts not supported by the record are improper.

5. APPEAL AND ERROR, § 1514*—*when improper statements of counsel do not constitute prejudicial error.* Improper statements by counsel to the jury, objection to which was sustained by the court with force and decision, were not prejudicially erroneous.

6. MUNICIPAL CORPORATIONS, § 1107*—*when reasonably safe condition of sidewalk is question for jury.* Whether a city sidewalk is in a reasonably safe condition is a question of fact to be determined by the jury unless the uncontradicted evidence is of such a character that all reasonable minds might be presumed to reach the same conclusion from its consideration.

7. MUNICIPAL CORPORATIONS, § 1107*—*when question for jury whether sidewalk is in reasonably safe condition.* Whether a sidewalk with a trench extending its entire width and about a foot wide and from 3 to 5 inches deep and filled with water is in a reasonably safe condition so as to exempt the city from liability for injuries thereby incurred, *held* to be a question for the jury, in an action to recover damages for such injuries.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.